UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHOT SHIBOYAN<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-cv-1152-KJN<br><br><br><br>ORDER |

Plaintiff Ashot Shiboyan seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from November 1, 2013, plaintiff's alleged disability onset date, through August 28, 2015, the date of the final administrative decision. (ECF No. 18.) The Commissioner opposed plaintiff's motion and filed a cross-motion for summary judgment. (ECF No. 23.) No optional reply brief was filed.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 6, 17.)

1

After carefully considering the record and the parties' briefing, the court GRANTS IN PART plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion for summary judgment, and REMANDS the action for further administrative proceedings.

I. BACKGROUND

Plaintiff was born on March 11, 1954; completed 2 years of college in the United States; speaks Armenian with limited ability to communicate in English; and previously worked as a bus driver and case worker. (Administrative Transcript ("AT") 29, 32-36, 46-47, 200, 202.)[2] On January 14, 2014, plaintiff applied for DIB, alleging that his disability began on November 1, 2013, and that he was disabled due to back pain, left leg pain, headaches, and poor sleep. (AT 9, 184, 201.) After plaintiff's application was denied initially and on reconsideration, an administrative law judge ("ALJ") conducted a hearing on July 30, 2015. (AT 20-50.) The ALJ subsequently issued a decision dated August 28, 2015, determining that plaintiff had not been under a disability, as defined in the Act, from November 1, 2013, plaintiff's alleged disability onset date, through the date of the ALJ's decision. (AT 9-15.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 31, 2016. (AT 1-3.) Plaintiff subsequently filed this action on May 27, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ improperly discounted the opinion of plaintiff's treating physician; (2) whether the ALJ failed to properly consider plaintiff's obesity; (3) whether the ALJ erred at step four of the sequential disability analysis; and (4) whether the ALJ improperly discounted plaintiff's credibility.[3]

////

////

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Plaintiff's briefing raised these issues in a somewhat different order.

2

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

### Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[4] As an initial matter, the ALJ determined that plaintiff met the

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the

3

insured status requirements of the Act for purposes of DIB through December 31, 2018. (AT 11.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since November 1, 2013, plaintiff's alleged disability onset date. (Id.) At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar and thoracic spine with radiculopathy and chronic lumbosacral strain, degenerative disease of the left hip, and obesity. (Id.) However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 12.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb, balance, stoop, kneel, crouch and/or crawl and must avoid concentrated exposure to extreme cold and to dampness.

(AT 12.) At step four, the ALJ determined that plaintiff was capable of performing his past relevant work as a caseworker. (AT 14.) Thus, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from November 1, 2013, plaintiff's alleged disability onset date, through August 28, 2015, the date of the ALJ's decision. (AT 15.)

Plaintiff's Substantive Challenges to the Commissioner's Determinations

*Whether the ALJ improperly discounted the opinion of plaintiff's treating physician*

The weight given to medical opinions depends in part on whether they are proffered by

---

claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

4

treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830-31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[5] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

In this case, the ALJ provided several specific and legitimate reasons for discounting the opinion of plaintiff's treating physician, Dr. Michael Bass, who suggested, *inter alia*, that plaintiff could only stand and walk for 1-2 hours per day, sit for less than 1 hour a day, lift a maximum of 5-10 pounds, concentrate sufficiently to perform simple tasks less than 50% of the day, and would

---

[5] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

be absent from work more than 4 days per month.  (AT 282-85, 313-14.)

As an initial matter, Dr. Bass's opinion is brief, conclusory, and unsupported by any detailed clinical findings or rationale.  (AT 13.)  Given the severity of the opinion, one would expect greater substantiation and justification for the extreme limitations assessed.  As such, the ALJ permissibly gave the opinion little weight.  See Meanel, 172 F.3d at 1114 (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.

Additionally, the ALJ rationally observed that Dr. Bass's opinion was inconsistent with the imaging studies.  (AT 13.)  For example, a March 31, 2014 x-ray of the lumbar spine was essentially normal, except for "slight narrowing of the disc space at L3-4 where there are anterior osteophytes" suggestive of degenerative disc disease at L3-4.  (AT 281.)  A subsequent x-ray performed on October 2, 2014, revealed some "degenerative changes of the lower thoracic spine with bridging osteophytes," but was ultimately described by the radiologist as unremarkable.  (AT 317-18.)  Such mild objective findings are not what one would expect from a person who allegedly has disabling functional limitations.

Furthermore, the ALJ reasonably relied on the opinion of consultative examiner and board certified orthopedic surgeon, Dr. Dale Van Kirk, who reviewed plaintiff's medical records, personally examined plaintiff on March 29, 2014, and prepared a detailed report of his clinical findings.  (AT 273-80.)  Dr. Van Kirk opined that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for up to 6 hours a day; sit without restriction; and climb, balance, stoop, kneel, crouch, and crawl occasionally.  He should not be required to work in extremely cold and/or damp environments.  (AT 278-79.)  Because Dr. Van Kirk is an orthopedic specialist who personally examined plaintiff and made independent clinical findings, his opinion unquestionably constitutes substantial evidence on which the ALJ was entitled to rely.

Finally, the ALJ properly relied on the opinions of the state agency physicians, who essentially opined that plaintiff was capable of performing light work with postural limitations.  (AT 58-59, 71-73.)  See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Although

the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.").

Therefore, the court finds that the ALJ's evaluation of Dr. Bass's opinion is supported by the record and by the proper analysis.

*Whether the ALJ failed to properly consider plaintiff's obesity*

Plaintiff's argument that the ALJ failed to properly consider plaintiff's obesity lacks merit. At step two, the ALJ specifically calculated plaintiff's body mass index and listed plaintiff's obesity as a severe impairment. (AT 11.) There is no reason to believe that the ALJ did not consider all of plaintiff's impairments, severe and non-severe, in formulating the RFC, and plaintiff fails to point to any specific functional limitation attributable to plaintiff's obesity that was omitted from the RFC. Indeed, although consultative examiner and orthopedic specialist Dr. Van Kirk expressly noted that plaintiff was "markedly overweight," he still opined that plaintiff was capable of performing essentially light work with postural limitations. (AT 276, 278-79.) As such, plaintiff's obesity was properly considered.

*Whether the ALJ erred at step four of the sequential disability analysis*

A claimant is deemed not disabled at step four if he is found capable of performing his past work either as actually performed or as generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2). Here, the ALJ found that plaintiff was capable of performing plaintiff's past relevant work of caseworker as he actually performed it. (AT 15.) However, at the hearing, plaintiff testified that he actually had to lift items weighing up to 70-80 pounds as part of that job, and the VE testified that plaintiff would consequently not be able to do his past work as actually performed. (AT 34-35, 44, 48.)[6] Thus, plaintiff correctly contends that the ALJ erred at step four.

////

---

[6] Curiously, in a disability questionnaire, plaintiff noted that the same job involved "all desk work" with "no heavy lifting." (AT 206.) However, because the ALJ's decision did not discredit plaintiff's hearing testimony in light of that apparently inconsistent prior statement, this court declines to do so in the first instance.

The Commissioner posits that any such error was harmless, because the VE testified that plaintiff could nonetheless do his prior work as generally performed in the national economy. (AT 47.) However, the VE also testified that the position of caseworker, as generally performed in the economy, had a specific vocational profile ("SVP") of 7, which would at least arguably be inconsistent with the findings of the consultative psychiatrist, Dr. Michael Zoglio, who opined that plaintiff may have low to borderline intellectual functioning: "The claimant would probably have difficulty managing his funds. I do not think he seems to have the intellectual capacity to write checks and do his bank account." (AT 291.) To be sure, Dr. Zoglio's opinion is somewhat ambiguous; despite ostensibly finding low to borderline intellectual functioning, he also opined that plaintiff could perform simple and repetitive tasks without limitation and was only mildly limited in completing detailed and complex tasks. (AT 292.) However, the ALJ never addressed and resolved those ambiguities, and instead purported to give substantial weight to Dr. Zoglio's opinion, but without incorporating any specific mental limitations into the RFC. Such unresolved ambiguities and inconsistencies preclude the court from finding harmless error at step four.

Therefore, the court finds it appropriate to remand the action for further administrative proceedings. On remand, the ALJ shall give further consideration to Dr. Zoglio's opinion and whether any additional mental limitations should be incorporated into the RFC. After such clarification, the ALJ shall also reconsider his step four determination, and if necessary, proceed to step five of the sequential disability analysis, utilizing supplemental vocational expert testimony as appropriate. The ALJ is also free to develop the record in any other respects deemed appropriate. Importantly, the court does not instruct the ALJ to credit any particular opinion or evidence on remand. Indeed, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, at any particular step on remand, provided that the ALJ's decision is based on proper legal standards and supported by substantial evidence in the record as a whole.

<u>Whether the ALJ improperly discounted plaintiff's credibility</u>

The court declines to reach the issue of plaintiff's credibility at this juncture. On remand, the ALJ will have an opportunity to re-examine his credibility findings on the supplemented

8

record, if appropriate.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is GRANTED IN PART.

2. The Commissioner's cross-motion for summary judgment (ECF No. 23) is DENIED.

3. The Commissioner's final decision is REVERSED, and the action is REMANDED for further administrative proceedings consistent with this order pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: January 3, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE